IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **MICHAEL WAYNE BROWN, #1629739,** § | | |
| Petitioner, § | | |
| § | | |
| v. § | | 3:12-CV-1262-L-BK |
| § | | |
| **RICK THALER, Director,** § | | |
| **Texas Department of Criminal Justice,** § | | |
| **Correctional Institutions Div.,** § | | |
| Respondent. § | | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a Texas state prisoner, filed a *pro se* petition for a writ of habeas corpus under 28 U.S.C. § 2254.  For the reasons that follow, it is recommended that the petition be denied.

**I. BACKGROUND**

Petitioner was convicted of aggravated sexual assault with a deadly weapon, and was sentenced to 61 years' imprisonment.  *State v. Brown*, No.F08-055551-HL (Crim. Dist. Ct. No. 5, Dallas County Feb. 18, 2010), *aff'd*, No. 05-10-00328-CR, 2011 WL 2477649 (Tex. App. –Dallas, Jun. 23, 2011, pet. ref) (unpublished).  The Texas Court of Criminal Appeals denied his state habeas application.  *See Ex parte Brown*, No. WR-77,227-01, SHCR-01 at Action Taken Sheet (Tex. Crim. App. Mar. 21, 2012) (denying application without written order).[1]  In the four grounds raised in this timely federal petition, Petitioner asserts denial of a public trial, ineffective assistance of counsel, admission of evidence without a proper predicate, and improper use of a disjunctive jury charge.  (Doc. 3 at 6-7; Doc. 4 at 5-36).  Respondent argues the petition lacks merit.  (Doc. 14).  Petitioner has not replied.

---

[1] "SHCR" refers to the State Habeas Clerk's Record; "RR" refers to the reporter's record at trial.

## II.  ANALYSIS

A.  **The Petition Lacks Merit**

Habeas corpus relief is precluded unless the state court's adjudication on the merits

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d), as amended by the Antiterrorism and Effective Death Penalty Act (AEDPA).  Petitioner bears the burden of establishing that he is entitled to relief.  *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002).  That burden is "difficult to meet," however, as the decisions of the state court are reviewed under a "highly deferential standard" and afforded "the benefit of the doubt."  *Harrington v. Richter*, 562 U.S. ___, ___, 131 S. Ct. 770, 786, 788 (2011); *Woodford*, 537 U.S. at 24 (citation and internal quotation marks omitted).  The deferential standard of review applies even where the state court, as in this case, summarily denies the state application.  *See Richter*, 131 S.Ct. at 785 ("§ 2254(d) does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits'").

<u>Denial of Public Voir Dire (Claim 1)</u>

Petitioner asserts he was denied the right to a public trial because four family members were excluded from the courtroom during jury selection.  (Doc. 4 at 5).  In support, he submits three affidavits from his family members stating they were kept out of the courtroom by the bailiff during jury selection, apparently at the request of the judge.  *Id.* at 38-40.  Petitioner also alleges that to his knowledge, "no member of the public was permitted to be present at any point

during jury selection." *Id.* at 5.

Apart from Petitioner's bare allegations and his family member's affidavits, there is no evidence in the record that anyone was removed from the courtroom or prevented from entering during voir dire. *See* 3 RR, generally. Even if there was a "closure" of the courtroom, neither Petitioner nor his counsel ever objected to it. *See id.* While an accused enjoys the right to a speedy and public trial, failure to object to closure of a courtroom waives that right. *United States v. Hitt*, 473 F.3d 146, 155 (5th Cir. 2006) (citing *Levine v. United States*, 362 U.S. 610, 619 (1960) ("Where a defendant, with knowledge of the closure of the courtroom, fails to object, that defendant waives his right to a public trial."); *Garcia v. Thaler*, No. SA-10-CA-1059-XR, 2012 WL 1088097 *6 (W.D. Tex. 2012) (relying on *Hitt* and *Levine* to conclude that state petitioner's failure to object to closure of courtroom waived his right to a public trial). Petitioner cannot demonstrate that the state court's decision rejecting his claim was contrary to or an unreasonable application of clearly established federal law. Therefore, this claim fails.[2]

<u>Ineffective Assistance of Counsel (Claim 2)</u>

Under the AEDPA, the Court reviews Petitioner's ineffective assistance of counsel claims under a "doubly deferential" standard, taking "a 'highly deferential' look at counsel's performance," under *Strickland v. Washington*, 466 U.S. 668, 689 (1984), "through the

---

[2] Respondent urges this claim is procedurally barred because Petitioner failed to object. *See Nichols v. Scott*, 69 F.3d 1255, 1280 (5th Cir. 1995) (failure to comply with Texas contemporaneous objection rule bars federal habeas review of a claim absent cause and prejudice or a fundamental miscarriage of justice). The state habeas court, however, did not expressly rely on a procedural bar in denying the claim. Nevertheless, assuming procedural default, Petitioner's claim fails, as he has not demonstrated cause and prejudice (see the following discussion of Petitioner's ineffective assistance of counsel claim). Moreover, Petitioner's allegations fail to establish a fundamental miscarriage of justice.

'deferential lens of § 2254(d).'" *Cullen v. Pinholster*,___ U.S. ___, 131 S. Ct. 1388, 1403 (2011) (quoted cases omitted). In light of the deference accorded by section 2254(d)(1), "[t]he pivotal question is whether the state court's application of the *Strickland* standard was unreasonable." *Harrington*, 131 S. Ct. at 785.

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. The Court need not address both components if the petitioner makes an insufficient showing on one. *Id.* at 697. To establish deficient performance, a petitioner must show that his counsel's actions "fell below an objective standard of reasonableness." *Id.* at 689. In evaluating an attorney's performance, there is a "strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance," or that under the circumstances the challenged action might be considered sound trial strategy. *Id.* at 689. Under *Strickland*'s prejudice prong, a petitioner additionally must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

Petitioner asserts defense counsel rendered ineffective assistance when he failed to object to the exclusion of three family members during voir dire. (Doc. 4 at 15-19). He relies on *Waller v. Georgia*, 467 U.S. 39 (1984), which set out the process for closing a trial, not a voir dire, to the public. (Doc. 4 at 15).

Petitioner cannot show that counsel's performance was deficient and that it prejudiced him. As previously noted, there is no indication in the record that the public and Petitioner's family were excluded from entering the courtroom during voir dire or that counsel was aware of

either occurrence. Moreover, he has not demonstrated how the outcome of the trial, that is, his conviction, would have been different if counsel had lodged an objection to the exclusion of Petitioner's family members during voir dire. Notwithstanding the foregoing, counsel's performance is judged by the law that existed at the time of trial. *See Paredes v. Quarterman*, 574 F.3d 281, 287 (5th Cir.2009). Here, counsel's performance was not defective because he failed to object, as there was no legal support for such objection at the time of trial. The Supreme Court's decision in *Presley v. Georgia*, 558 U.S. 209 (2010), in which it addressed the exclusion of the public during voir dire, postdated Petitioner's December 2009 trial. *See Garcia v. Thaler*, SA-10-CA-1059-XR, 2012 WL 1088097 *9 (W.D. Tex. Mar. 29, 2012) (prior to *Presley* there was no Texas or United States Supreme Court case addressing the exclusion of the public during voir dire). In any event, Petitioner has wholly failed to meet the second *Strickland* requirement of showing prejudice.[3]

Likewise, Petitioner fails to allege any facts in support of his claim that counsel was ineffective for failing to object to the trial court's jurisdiction over the case. (Doc. 4 at 19-20). He asserts only that counsel should have objected when the case was transferred from Criminal District Court Number 1 to Criminal District Court Number 5. *Id.* However, neither his

---

[3] Petitioner argues that the exclusion of his family members and the public from voir dire was a structural error, which excuses him from having to establish that counsel's deficient performance prejudiced his defense. (Doc. 4 at 15). However, he cites no relevant authority and *Waller*, a direct criminal appeal, did not involve a claim of ineffective assistance of counsel. *See also Garcia v. Thaler*, SA-10-CA-1059-XR, 2012 WL 1088097 *6 (W.D. Tex. Mar. 29, 2012) (rejecting petitioner's reliance on harmless error review cases to contend that cause and prejudice standard for procedural default did not apply to violations of right to public trial). Therefore, as this is a section 2254 case, the Court analyzes Petitioner's ineffective assistance of counsel's claim under the two-prong *Strickland*'s standard.

argument nor the record are clear on this point.[4] Even assuming a transfer between the two state district courts, as Petitioner contends, Petitioner has offered nothing in support of his position that a transfer between state district courts of the same county implicates jurisdiction. In any event, Petitioner cannot show prejudice as a result of counsel's decision not to object.

Petitioner cannot demonstrate that the state court's decision rejecting his claims of ineffective assistance of counsel was contrary to or an unreasonable application of clearly established federal law. Therefore, claim 2 should be denied.

### Admission of Recording of Telephone Conversation (Claim 3)

Petitioner asserts the trial court erred in admitting the recording of a telephone conversation between Brown and the complainant because it was not properly authenticated either through a law enforcement or telephone company witness. (Doc. 4 at 21, 25). Because Petitioner did not object on this basis at trial, the trial court did not have the opportunity to rule on his claim. *See* 5 RR 55. In any event, contrary to Petitioner's allegations (Doc. 4 at 26), the complainant's authentication of the recording was sufficient because she testified that she recognized the voices on the recording. 5 RR 53-54, 56. Petitioner cannot establish that the trial court's decision to admit the evidence amounted to a federal constitutional violation, or rendered his trial fundamentally unfair. *See Wood v. Quarterman*, 503 F.3d 408, 414 (5th Cir. 2007) (even if admission of evidence amounts to constitutional error, habeas claim still fails if petitioner cannot show that evidence had substantial and injurious effect or influence in determining jury's verdict).

---

[4] *See Brown v. State*, No. 05-10-00328-CR, 2011 WL 2477649 (Tex. App.--Dallas, 2011) (noting indictment was filed in Criminal District Court Number 1 and case later appeared in Criminal District Court Number 5, although no transfer order was reflected in record).

Insofar as Petitioner alleges the trial court erroneously permitted the jury to keep a transcript of the telephone recording for the day after the trial ended and before the jury was charged and deliberating, his claim is meritless. (Doc. 4 at 29). The record supports the trial court's finding that no one involved in the trial realized that the transcript had not been retrieved from the jury until after the jurors left the courtroom and before they began deliberating. 6 RR 9, 12. The trial court, thus, ruled that it would instruct the jurors not to begin deliberations until they were told to do so, and rejected defense counsel's request to voir dire the jury on whether they had already impermissibly considered the transcript. 6 RR 10-11. There is no indication in the record that the trial court's instructions were an insufficient remedy.

The state court's decision rejecting Petitioner's argument on these grounds was not contrary to or an unreasonable application of clearly established federal law. Therefore, claim 3 should be denied.

### Disjunctive Jury Charge (Claim 4)

Lastly, Petitioner asserts the trial court abused its discretion in charging the jury in the disjunctive, which permitted the jury to convict him of two different sexual assault crimes -- oral and vaginal -- without ensuring a unanimous verdict for either. (Doc. 4 at 31, 34-36). At trial, the State requested a separate verdict for each form of sexual assault, but defense counsel agreed with the court's charge as drawn. 6 RR 90. In light of the strength of the State's evidence, however, Petitioner cannot show that jury unanimity was compromised. The evidence clearly established that Petitioner was guilty under either form of sexual assault. *Brown*, 2011 WL 2477649 at *1 (summarizing evidence at trial). Petitioner not only forced the complainant to perform oral sex at gun point, he also inserted his penis into the complainant's vagina, while

pointing the gun to the back of her head. *Id*. Based on these facts, Petitioner cannot show "prejudice of a constitutional magnitude." *Galvan v. Cockrell*, 293 F.3d 760, 764-65 (5th Cir. 2002) ("Improper jury instructions . . . do not generally form the basis for federal habeas relief." The proper inquiry is whether "there was prejudice of constitutional magnitude"). Even assuming the jury instructions were faulty, any error was harmless because, in light of the strong evidence, the verdict would have been the same. *Id.* (*quoting Brecht v. Abrahamson*, 507 U.S. 619, 623–24 (1993) (a constitutional error is not harmless if it "had substantial and injurious effect or influence in determining the jury's verdict").

Petitioner cannot demonstrate the state court's decision rejecting this claim was contrary to or an unreasonable application of clearly established federal law. Therefore, claim 4 also fails.

B.   **Evidentiary Hearing Not Required**

Petitioner requests an evidentiary hearing. (Doc. 14 at 18, 20). However, "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster,* ___ U.S. ___, 131 S. Ct. 1388, 1398 (2011); *see also Blue v. Thaler*, 665 F.3d 647, 656 (5th Cir. 2011) (same rule applies to factual determinations under section 2254(d)(2)). Here, as in *Pinholster*, the petition concerns only claims under section 2254(d)(1) that were adjudicated on the merits in state court. As discussed above, Petitioner cannot overcome the limitation of section 2254(d)(1) on the record that was before the state court. Therefore, Petitioner is not entitled to a federal evidentiary hearing.

## III. RECOMMENDATION

It is recommended that the petition for writ of habeas corpus be **DENIED** on the merits.

SIGNED April 4, 2013.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE